```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
WILLIAM LEAHEY and LAUREN LEAHEY,

                Plaintiffs,
                                              14 Civ. 7411 (RWS)
       - against -
                                                   OPINION
SP CENTER, LLC, MALL 1-BAY PLAZA, LLC,
a/k/a BAY PLAZA, LLC a/k/a BAY PLAZA MALL,
LLC, AURORA CONTRACTORS, INC. and
MACY'S, INC.,

                Defendants.
------------------------------------X
SP CENTER, LLC, MALL 1-BAY PLAZA, LLC, a/k/a
BAY PLAZA, LLC, a/k/a BAY PLAZA MALL, LLC

                Third-Party Plaintiffs,

       - against -

GLOBAL PRECAST INC., UNISTRESS CORP. and
PRECAST SERVICES, INC.,

                Third-Party Defendants.
------------------------------------X
AURORA CONTRACTORS, INC.,

                Fourth-Party Plaintiffs,

       - against -

UNISTRESS CORP. and PRECAST SERVICES, INC.,

                Fourth-Party Defendants.
------------------------------------X
PRECAST SERVICES, INC.

                Fifth-Party Plaintiffs,

       - against -

RUTTURA & SONS CONSTRUCTION CO., INC.,
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-6-17

and CONSTRUCTION & REALTY SAFETY GROUP
d/b/a CR SAFETY GROUP,

        Fifth-Party Defendants.
-------------------------------------X
MALL 1-BAY PLAZA, LLC a/k/a BAY PLAZA, LLC
a/k/a BAY PLAZA MALL, LLC and AURORA
CONTRACTORS, INC.,

        Sixth-Party Plaintiffs,

  - against -

CONSTRUCTION & REALTY SAFETY GROUP, INC.,
RUTTURA & SONS CO., INC., RUTTURA & SONS
CONSTRUCTION CO., INC., and CONSTRUCTION &
REALTY SAFETY GROUP, INC.,

        Sixth-Party Defendants.
-------------------------------------X

A P P E A R A N C E S:

    Attorneys for Plaintiffs

    NAPOLI SHKOLNIK, PPLC
    360 Lexington Avenue, 11th Floor
    New York, NY 11017
    By:  Joseph P. Napoli, Esq.


    Attorneys Third-Party Plaintiffs/Fourth-
    Party Plaintiffs/Sixth-Party Plaintiffs

    LAW OFFICE OF JAMES J. TOOMEY
    485 Lexington Avenue, 7th Floor
    New York, NY 10017
    By:  John C. Spataro, Esq.

    Attorneys for Third/Fourth-Party
    Defendant/Fifth-Party Plaintiff

    LEWIS JOHS AVALLONES AVILES, LLP
    61 Broadway, Suite 2000
    New York, NY 10006
    By:  David L. Metzger, Esq.

**Sweet, D.J.**

Third- and fourth-party Defendant/fifth-party Plaintiff Precast Services, Inc. ("Precast") and sixth-party Plaintiffs Mall 1-Bay Plaza ("Bay Plaza") and Aurora Contractors, Inc. ("Aurora") (collectively, the "Defendants") have moved pursuant to Fed. R. Civ. P. Rule 56 for summary judgment to dismiss the Complaint (the "Complaint") of the Plaintiffs William Leahey ("Mr. Leahey") and Lauren Leahey ("Mrs. Leahey") (collectively, the "Plaintiffs"). Based on the facts and conclusions set forth below, the motions of the Defendants are denied.

## I. Prior Proceedings

The Plaintiffs commenced this action by filing the Complaint on September 12, 2014 alleging claims of negligence, loss of services, and violations of New York State Labor Laws §§ 200, 240, and 241(b). Answers were filed by Bay Plaza on October 16, 2014, and by Aurora on January 2, 2015.

An amended third-party complaint was filed by SP Center, LLC and Bay Plaza against third-party defendant Precast

2

on November 14, 2014, to which Precast filed an answer on December 22, 2014.

Aurora filed a fourth-party complaint against Precast on January 16, 2015, to which Precast answered on February 11, 2015. The actions against defendants SP Center, Macy's, and Unistress Corp. were then discontinued on July 13, 2015, July 15, 2015, and August 22, 2015, respectively.

A fifth-party complaint was filed by Precast against Ruttura & Sons Construction Co, Inc. ("Ruttura Construction") and Construction & Realty Safety Group ("Construction & Realty") on November 24, 2015, and answers were interposed by both parties.

A sixth-party complaint was filed by Bay Plaza and Aurora against Ruttura Construction and Construction & Realty on November 25, 2015, and answers were interposed by both parties.

The instant motions for summary judgment were filed by Precast and Aurora on July 10, 2017. Oral argument was heard on September 20, 2017. The motions were adjourned until October 18, 2017, pending the Honorable Andrew B. Altenburg, Jr. of the U.S. Bankruptcy Court for the District of New Jersey's (the

"Bankruptcy Court") reconsideration of whether to add this action as an asset, at which point the motions were heard and the case was marked fully submitted.

## II. The Facts

The facts have been set forth in the Defendants' and the Plaintiffs' Rule 56.1 Statements, and are not in dispute except as noted below.

Mr. Leahey was involved in an accident which forms the basis of this lawsuit. On September 18, 2013, between 1:30 and 2:00 PM, Mr. Leahey, who was employed as an Iron Worker with Precast, was walking through the parking garage of the construction site for a new Macy's parking lot located at the Mall of Bay Plaza, 100 Baychester Avenue, Bronx, New York. Aurora was the general contractor for the job site. Mr. Leahey noticed construction debris on the floor, and as he went to step over it, he tripped and fell on an uneven mound of dirt with his left foot. As a result of this fall, Mr. Leahey injured his left ankle. He completely tore the anterior talofibular ligament, partially tore the calcaneofibular ligament, and injured the Brostrom lateral ligament, which required reconstructive surgery. Mr. Leahey also injured his left knee.

Previously, on January 24, 2011, the Plaintiffs filed a Voluntary Petition for Individual/Joint Debtors ("Voluntary Petition") under Chapter 13 of the U.S. Bankruptcy Code with the Bankruptcy Court. Contained as part of that filing were schedules identifying the Plaintiffs and their property, including contingent and unliquidated claims, for which the Plaintiffs checked "None." *See* Precast Br. Ex. K, at 11.

On September 12, 2014, the Plaintiffs commenced this lawsuit. Neither the Plaintiffs nor their bankruptcy attorney, Mr. Steven Taieb ("Mr. Taieb") informed the Bankruptcy Court of this action until after the Plaintiffs' bankruptcy case was dismissed. However, on or about March 6, 2015, Mrs. Leahey sent Mr. Taieb a fax informing him of this action. Pls.' Br. Ex. E. Moreover, Mr. Leahey testified in his August 31, 2015 deposition that he filed for bankruptcy approximately four to five years prior, and that it was "almost done." *See* Precast Br. Ex. L, at 9. He also testified that he "believed" that the Bankruptcy Court was notified of the lawsuit, although he stated that his wife "handles that." *Id.* Mrs. Leahey testified on October 27, 2016, after the close of the bankruptcy, that she specifically notified Mr. Taieb of this lawsuit. *Id.* Ex. P, at 11. Mrs. Leahey said that she was "sure" that Mr. Taieb would have filed

5

documentation with the Bankruptcy Court, but she did not recall ever seeing such documentation. *Id.*

In September 2015, the Defendants Bay Plaza, Aurora, and Precast served post-deposition documents demands on the Plaintiffs, requesting all documents pertaining to the Plaintiffs' bankruptcy filings including, but not limited to "Petition and all schedules, supplemental/amended filings, identities of trustees, order, and transcripts of any meeting of creditors." *See* Precast Br. Ex. H; Aurora Br. Ex. H. Plaintiffs do not dispute that they did not respond to these demands.

The Bankruptcy Court issued its Chapter 13 Standing Trustee's Final Report and Account (the "Final Report") on May 5, 2016. Aurora Br. Ex. L. An Order of discharge pursuant to 11 U.S.C. § 1328(a) was granted to the Plaintiffs on May 8, 2016. *Id.* at Ex. M, at 2. A Final Decree was filed and entered on June 7, 2016 stating that the Plaintiffs' estate had been fully administered, and the bankruptcy case was closed. *Id.* at Ex. N.

On July 24, 2017, Mr. Taieb filed a Motion to Reopen the bankruptcy case to add this action as an asset, and this motion was denied. *See* Pls.' Br. Exs. B & H. Mr. Taieb then filed a Motion for Reconsideration with the Bankruptcy Court on

6

September 5, 2017, in which he stated that "[t]he debtors definitely disclosed the injury claim to counsel and it was clearly their intent to amend the petition to add these post-petition claims." *Id.* Ex. H, at 2. This motion was also denied. *See id.* Ex. H.

Further, a list of document filings printed from the database of the Bankruptcy Court makes no reference to any amendment or supplement schedule disclosing this action to the Bankruptcy Court. *Id.* at Ex. P. Moreover, the two annual Trustee's Reports of Receipts and Disbursements filed after the accident occurred and covering the period of January 1, 2013 to December 31, 2014 do not indicate any notification of the lawsuit to the Bankruptcy Court. *Id.* at Ex. Q. The Plaintiffs do not dispute these facts.

## III. **The Applicable Standard**

Summary judgment is appropriate only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)

A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The relevant inquiry on application for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. A court is not charged with weighing the evidence and determining its truth, but with determining whether there is a genuine issue for trial. *Westinghouse Elec. Corp. v. N.Y. City Transit Auth.*, 735 F. Supp. 1205, 1212 (S.D.N.Y. 1990) (quoting *Anderson*, 477 U.S. at 249). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original).

While the moving party bears the initial burden of showing that no genuine issue of material fact exists, *Atl. Mut. Ins. Co. v. CSX Lines, L.L.C.*, 432 F.3d 428, 433 (2d Cir. 2005), in cases where the non-moving party bears the burden of persuasion at trial, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the

8

nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "It is ordinarily sufficient for the movant to point to a lack of evidence . . . on an essential element of the non-movant's claim . . . . [T]he nonmoving party must [then] come forward with admissible evidence sufficient to raise a genuine issue of fact for trial . . . ." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008) (internal citations omitted); *see also Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) ("Once the moving party has made a properly supported showing sufficient to suggest the absence of any genuine issue as to a material fact, the nonmoving party . . . must come forward with evidence that would be sufficient to support a jury verdict in his favor").

## IV.    **The Defendants' Motions for Summary Judgment Are Denied**

The Defendants contend that the Plaintiffs are precluded from bringing the present action regarding the Plaintiff's alleged injury because they failed to amend their Voluntary Petition under Chapter 13 of the U.S. Bankruptcy Code to include the instant litigation. The Plaintiffs argue that the elements of judicial estoppel have not been met as they were forthcoming about the present lawsuit and never attempted to conceal it as an asset in the bankruptcy proceeding.

9

Specifically, the Plaintiffs assert—and their bankruptcy attorney has confirmed under oath—that they informed their bankruptcy attorney of the subject of this lawsuit in March 2015 with the clear intent that he amend the Voluntary Petition pending before the Bankruptcy Court. See Pls.' Br. 5.

The doctrine of judicial estoppel "is an equitable doctrine invoked by a court at its discretion" that "prevents a party from asserting a factual position in one legal proceeding that is contrary to a position that it successfully advanced in another proceeding." See New Hampshire v. Maine, 532 U.S. 742, 750 (2001); Rodal v. Anesthesia Group of Onondaga, P.C., 369 F.3d 113, 118 (2d Cir. 2004). The underlying goal of the doctrine is to "protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." Maine, 532 U.S. at 750 (2001) (internal quotation marks and citations omitted).

The circumstances under which judicial estoppel may be invoked are "probably not reducible to any general formulation of principle," and as such, the applicability of the doctrine is not bound by "inflexible prerequisites or an exhaustive formula." See id. at 750-51 (quoting Allen v. Zurich, 667 F.2d 1162, 1166 (4th Cir. 1982) (internal citations omitted)).

Nevertheless, three factors typically guide the judicial estoppel inquiry. First, "a party's later position must be clearly inconsistent with its earlier position." *Id.* (internal quotation marks and citations omitted). Second, courts consider whether the party bringing the claim "succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled.'" *Id.* (citing *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 599 (6th Cir. 1982)). Third, courts ask "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* (internal citations omitted).

The Second Circuit has yet to directly address a case in which a plaintiff has sought to bring a claim on the basis of an asset he failed to disclose during a bankruptcy proceeding. However, this Circuit has concluded that "[i]t may be appropriate to resist application of judicial estoppel when a party's prior position was based on an inadvertence or mistake." *See id.* (citing *Maine*, 532 U.S. at 753); *see also Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 6 n.2 (2d Cir. 1999) ("judicial estoppel does not apply when the first

11

statement resulted from 'a good faith mistake or an unintentional error'") (citing *Simon v. Safelite Glass Corp.*, 128 F.3d 68, 72 (2d Cir. 1997)). Moreover, a defendant's "judicial estoppel defense cannot succeed, absent a showing that plaintiff acted in bad faith or with intent to mislead the Court." *See Murray v. Bd. of Educ. of City of New York*, 248 B.R. 484, 487 (S.D.N.Y. 2000).

The parties do not dispute that the Plaintiffs failed to disclose this lawsuit to the Bankruptcy Court in line with their disclosure obligations under the bankruptcy code. The question remains whether this failure constitutes "a good faith mistake or unintentional error" to judicial estoppel. *See Mitchell*, 190 F.3d at 6 n.2.

A reiteration of the relevant facts in this case serves to guide this analysis. The Plaintiffs filed the Voluntary Petition with the Bankruptcy Court on January 24, 2011, and commenced this suit on September 12, 2014. In March 2015, Mrs. Leahey informed her bankruptcy attorney of this action via fax, *see* Pls.' Br. Ex. E, and on or about August 31, 2015, Mr. Leahey testified in his deposition that he believed the Bankruptcy Court was aware of the subject of this case, *see id.* Ex. L, at 9. Mrs. Leahey testified to a similar effect on or

12

about October 27, 2016, *see* Precast Br. Ex. P, at 11. The Bankruptcy Court discharged the bankruptcy on May 8, 2016, before either the Plaintiffs or their bankruptcy attorney informed the court of this cause of action. *See* Aurora Br. Ex. M, at 2. Over a year after the bankruptcy had been discharged, the bankruptcy attorney filed a Motion to Reopen the bankruptcy case to add this lawsuit as a post-petition asset, which was denied. *See* Pls.' Br. Exs. B & H. The bankruptcy attorney subsequently filed a Motion for Reconsideration on September 5, 2017, which was also denied, in which he reiterated that the Plaintiffs "definitely disclosed the injury claim to counsel" and that it was "clearly their intent to amend the petition to add these post-petition claims." *See id.* Ex. H, at 2.

As evidenced by this record, the Plaintiffs have not made any attempt to conceal the existence of this action from the Bankruptcy Court. The Plaintiffs both clearly believed that their bankruptcy attorney had already disclosed this case to the Bankruptcy Court shortly after the commencement of this action. Indeed, the Plaintiffs' bankruptcy attorney testified to exactly this effect. Moreover, the Plaintiffs twice sought to amend their bankruptcy schedule to include this action, evidencing that they had no interest in unfairly benefitting by attempting to keep this suit secret. To hold the Plaintiffs accountable for

13

their bankruptcy attorney's mistake—and to bar the Plaintiffs from asserting claims against Defendants because of an attorney error—would contradict the demands of justice. *See Coleman v. American Red Cross*, 23 F.3d 1091, 1094 (6th Cir. 1994) ("this court, like many others, has been extremely reluctant to uphold the dismissal of a case merely to discipline an attorney."). Absent a showing of bad faith on the part of the Plaintiffs, there is no reason to preclude them from pursuing this claim. Accordingly, the Plaintiffs' current action is excepted from the doctrine of judicial estoppel.

Moreover, the Plaintiffs rightfully contend that, as Chapter 13 debtors, they have standing to maintain this action against the Defendants. *See Murray*, 248 B.R. at 485; *see also Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 515 (2d Cir. 1998) ("[A] Chapter 13 debtor, unlike a Chapter 7 debtor, has standing to litigate causes of action that are not part of a case under title 11.").

## V. Conclusion

Based on the facts and conclusions set forth above, the Defendants' motions for summary judgment are denied, and the Plaintiffs' action may proceed.

It is so ordered.

New York, NY
November 7, 2017

_____
ROBERT W. SWEET
U.S.D.J.